**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Appeal No. 13-3801 |
| *Plaintiff*, | On Appeal from the U.S. District Court for the Southern District of Illinois, Case No. 12-889 GPM |
| *v.* | |
| **ANTHONY SMITH, et al.,** | **SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT** |
| *Defendants*. | |

Non-party Appellants Paul Duffy, Paul Hansmeier, and John Steele respectfully submit this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

### I.     DISTRICT COURT JURISDICTION.

The United States District Court for the Southern District of Illinois ("District Court") had federal question and diversity jurisdiction over the subject matter of this action pursuant to a Notice of Removal filed in this action by Defendant SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") on August 9, 2012, which cited 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (Dkt. No. 2.) Federal question jurisdiction was based upon Plaintiff's assertion of claims under the Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030, and supplemental jurisdiction over Plaintiff's state law claims was based upon the

relation of the state law claims to the CFAA claims such that they formed part of the same case or controversy. (*Id.* at 3.) Diversity jurisdiction was based upon Plaintiff's allegations of having been damaged in the amount of $774,850 and upon Plaintiff's request for actual damages in an amount exceeding $200,000. (*Id.* at 5.) Plaintiff is an Arizona corporation with its principal place of business in Arizona; Defendant AT&T is a California corporation with its principal place of business in Texas; and Defendant Comcast Cable Communications, LLC ("Comcast") is a limited liability company organized under Delaware law, whose sole member is Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* at 4.) No other parties were joined and served at the time of removal, including Defendant Smith, a citizen of the state of Illinois. (*Id.* at 4–5.)

## II.     APPELLATE COURT JURISDICTION.

The United States Court of Appeals for the Seventh Circuit has jurisdiction to hear the appeal from a final order imposing sanctions under 28 U.S.C. § 1927 pursuant to 28 U.S.C. § 1291. The District Court's final order imposing sanctions against the Appellant attorneys was entered on November 27, 2013. (Dkt. No. 100.) (A previous non-final initial order, which awarded attorney fees under § 1927 to Defendant Smith, but did not quantify the amount of the sanctions, was entered on October 30, 2013.) No motion for new trial, for alteration of a

judgment, or any motion otherwise claimed to toll the time within which to appeal was filed. Appellant attorneys Paul Duffy, Paul Hansmeier, and John Steele filed a joint notice of appeal on December 12, 2013. This case is not a direct appeal from the decision of a magistrate judge.

### III. THE DISTRICT COURT'S NOVEMBER 27, 2013 ORDER IMPOSING SANCTIONS IS AN IMMEDIATELY APPEALABLE FINAL ORDER

All claims in the underlying action before the District Court were voluntarily dismissed without prejudice by Plaintiff Lightspeed Media Corporation, pursuant to Fed. R. Civ. P. 41(a)(1), on March 21, 2013. (Dkt. No. 59.) After Plaintiff's voluntary dismissal, the District Court entertained a petition for attorney fees pursuant to 28 U.S.C. § 1927 by Defendant Anthony Smith as sanctions against non-party attorneys Duffy, Hansmeier and Steele. (Dkt. No. 61.) The District Court preliminarily granted Smith's request for sanctions in an initial, non-final order which did not set the amount of the fee award, on October 30, 2013. (Dkt. No. 65.) Shortly thereafter, Defendants AT&T and Comcast each individually moved for attorney fees under § 1927. (Dkt. Nos. 78 & 82.) The District Court denied Appellants' motions to vacate or reconsider, granted the sanctions motions of AT&T and Comcast, and set the amounts of the fee awards to Smith, AT&T and Comcast in a final order entered on November 27, 2013. (Dkt. No. 100.)

A final order entering sanctions against attorneys, after voluntary dismissal of the action under Rule 41(a)(1), is a final appealable order. *See generally Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (reviewing Rule 11 sanction entered after voluntary dismissal under Rule 41(a)(1)). While sanctions orders entered during pending litigation are interlocutory and are not immediately appealable as collateral orders, *see Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 210 (1999), the underlying litigation here was voluntarily dismissed on March 21, 2013, rendering the District Court's sanctions order final and immediately appealable.

IV.     **PRIOR OR RELATED APPELLATE PROCEEDINGS.**

There have been no prior or related appellate proceedings in this case.

V.     **ADDITIONAL REQUIREMENTS OF CIRCUIT RULE 3(c)(1).**

This is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable. None of the parties to the litigation appear in an official capacity. This case does not involve a collateral attack on a criminal conviction.

                                                                      Respectfully submitted,

DATED:    December 18, 2013

/s/ Paul Duffy  
Paul Duffy  
2 N. LaSalle Street, 13th Floor  
Chicago, IL 60602  
312-952-6136  
*In propria persona*

/s/ Paul Hansmeier  
Paul Hansmeier  
80 S. 8th St. Ste 900  
Minneapolis, MN 55402  
612-234-5744  
*In propria persona*

/s/ John Steele  
John Steele  
1111 Lincoln Road, Suite 400  
Miami Beach, FL 33139  
786-571-8131  
*In propria persona*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants.

Daniel G. Booth
Booth & Sweet LLP
32 Essex Street
Cambridge, MA 02139

Paul A. Duffy
13th Floor
Two N. LaSalle Street
Chicago, IL 60602-0000

Bart W. Huffman
Locke Lord Bissell & Liddell LLP
Suite 300
100 Congress Avenue
Austin, TX 78701

Andrew G. Toennies
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101-0000

/s/ Paul Hansmeier